UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT ALLEN RAMIREZ** | : | **CIVIL ACTION NO. 2:14-cv-2981** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **FEDERAL CORRECTIONAL INSTITUTION, OAKDALE, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion for an Injunction [doc. #10] and a Motion for Emergency Injunction to Accelerate Medical Care [doc. #15] filed by pro se plaintiff, Robert Allen Ramirez (hereinafter "Ramirez").  Ramirez is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently housed at the United States Medical Center for Federal Prisoners, Springfield, Missouri ("USMCFP").

In his complaint Ramirez alleges that he was denied proper medical care at the Federal Correctional Institute in Oakdale, Louisiana.  Doc. 1.  In his first motion, filed on November 6, 2014, Ramirez seeks an order directing the BOP to render medical treatment in connection with an injury to his left leg.  Specifically, he asks the court to order an evaluation to determine if an amputation is necessary.  In his second motion, filed on December 1, 2104, Ramirez asks the court to expedite treatment for his left leg.  He also asks the court to order that he be provided an electric wheelchair to alleviate the symptoms of his carpal tunnel syndrome. Defendants filed an opposition to the motion on February 12, 2016.  Doc. 45.

These motions are now ripe for ruling and for the following reasons the motions are DENIED.

In order for the court to grant injunctive relief, a plaintiff must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001). Plaintiff must prove all four elements, and the failure to prove any one of the elements will result in denial of the motion. *Enterprise Intern, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Ramirez is not entitled to the relief requested because he fails to demonstrate that there is a substantial likelihood that he will succeed on the merits of his case.

In its opposition defendants show that Ramirez has been housed at the USMCFP since April 11, 2014 (almost eleven months prior to filing his first motion for injunctive relief) where he has received continuous medical treatment for his left leg as well as other health problems. Doc. 45[1]. In connection with their opposition defendants submit the sworn statement of William S. Mead, a BOP employee and registered nurse who works at the USMCFP as an Assistant Health Services Administrator. Doc. 45, att. 1. This statement along with the attached medical records provides the court with a thorough summary of the continuous care Ramirez has received since arriving at the USMCFP. The records show that Ramirez has undergone treatment for reflex sympathetic dystrophy of the lower limb, lymphedema, and carpal tunnel syndrome among other disorders. The records additionally indicate that he was referred to the physical therapy department for a wheelchair evaluation which deemed his wheelchair appropriate.

---

[1] This document and its attachments are filed under seal due to the fact that over 400 pages of Ramirez's medical records are attached.

Claims of inadequate or improper medical care are analyzed under the Eighth Amendment. An inmate's rights are violated only if the defendants act with deliberate indifference to a substantial risk of serious medical harm which results in injury. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.* Merely alleging a prison

doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321(5th Cir. 1992). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

Ramirez fails to demonstrate a substantial likelihood of success on the merits of his case. The medical records submitted by defendants show that Ramirez has received substantial medical treatment. While Ramirez may disagree with his providers regarding his care or treatment plan, these claims are insufficient to establish a constitutional violation. Ramirez has not alleged that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or wantonly disregarded his medical needs.

Accordingly, the Motion for an Injunction [doc. #10] and a Motion for Emergency Injunction to Accelerate Medical Care [doc. #15] are DENIED.

THUS DONE this 22nd day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE