UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT ALLEN RAMIREZ**<br>**REG. #34540-177** | **CIVIL ACTION NO. 14-2981**<br>Section P |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **FEDERAL CORRECTIONAL**<br>**INSTITUTE OAKDALE, ET AL.** | **MAGISTRATE JUDGE KAY** |

# RULING

This is a civil rights action brought by Plaintiff Robert Allen Ramirez ("Ramirez") pursuant to 42 U.S.C. § 1983. Ramirez is currently incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri. However, he complains about the alleged actions and inactions of Defendants while he was incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). Ramirez brought suit against Defendants who are or were employees at the FCIO: Lt. Isiah Williams, Officer Caleb Gatreaux, Officer Roberto Rodriguez-Leon, and Officer Thomas Voisine. He also brought suit against the FCIO itself.

On February 14, 2018, Magistrate Judge Kathleen Kay issued a Report and Recommendation [Doc. No. 153] recommending that the Court grant in part and deny in part Defendants' Motion for Summary Judgment [Doc. No. 142].[1] She recommended that the Court deny the Motion for Summary Judgment with regard to Ramirez's claims about restroom access, but grant the motion as to his claims about Defendants' failure to use a stretcher to transport him after a fall. She further

---

[1]The motion incorporated arguments from an earlier dispositive motion filed by Rodriguez-Leon [Doc. No. 68] which was denied without prejudice. [Doc. No. 107].

recommended that FCIO be dismissed from the suit because of Ramirez's failure to raise a claim against it. As Magistrate Judge Kay noted, if the Court were to adopt her Report and Recommendation, Defendants FCIO, Gautreaux, and Voisine would all be dismissed from the suit.

Following the issuance of the Report and Recommendation, Defendants filed objections [Doc. No. 155], and Ramirez filed a response [Doc. No. 159]. In their objections, Defendants argued that "Magistrate Judge Kay's does not address qualified immunity, a key defense pled on behalf of the individual defendants" and requested that the Court consider their immunity defense. [Doc. No. 155, p. 2].

The Court finds that Magistrate Judge Kay accurately stated and applied the law to the facts and arguments presented to her. After a *de novo* review of the record, including the Ramirez's memorandum [Doc. No. 154] and the objections and response to the Report and Recommendation, the Court ADOPTS the Report and Recommendation of the Magistrate Judge.

However, the Court issues this ruling to address the qualified immunity defense raised by Williams and Rodriguez-Leon. The Court notes that Magistrate Judge Kay did not address the defense because, while it was pled, it was not argued in the motions for summary judgment. As Magistrate Judge Kay pointed out in footnote 7 of her Report and Recommendation:

> Though he raised the issue of qualified immunity in his answer [doc. 48, p. 1], Rodriguez-Leon did not argue qualified immunity in either this motion or his preceding motion for summary judgment. *See* doc. 142, att. 2; doc. 68, att. 2. Williams also asserted qualified immunity, apparently for all claims, in his answer [doc. 119, p. 1] but only argues the issue on the second claim, below, in his motion for summary judgment. *See* doc. 142, att. 2, pp. 9–10. Accordingly, we do not consider whether either defendant is entitled to summary judgment on this claim on the basis of qualified immunity.

[Doc. No. 153 n.7]. Nevertheless, Defendants have now raised the argument, and Ramirez has had

2

the opportunity to respond, so the Court will now consider that defense.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). A prison official's "'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828. To be liable under the Eighth Amendment, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Lawson v. Dallas Cty.*, 286 F.3d 257, 262 (5th Cir.2002) ("The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it.").

Under this standard, Magistrate Judge Kay found, and the Court agrees, that Ramirez raised a genuine issue of material fact for trial whether Defendants Williams and Rodrigues-Leon were deliberately indifferent to his safety by failing to provide him a wheelchair-accessible bathroom. However, Defendants may still prevail on summary judgment if they are entitled to qualified immunity for their actions or inactions.

Under qualified immunity, a public employee is protected from liability if a plaintiff fails to show the deprivation of a federal right and that the defendant's misconduct violated a "clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Importantly, once asserted by the defendant, the

burden shifts to the plaintiff to show that the defense is inapplicable. *See McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013).

Courts employ a two-step procedure to gauge the applicability of qualified immunity. These steps can be reviewed in any order, but the underlying inquiries are whether the plaintiff has alleged facts sufficient to state a constitutional violation and whether, at the time of the incident, the contours of the right were clearly established so that every reasonable officer would understand what he was doing violates that right. *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 471 (5th Cir. 2014). On the other hand, the clearly established prong does not necessarily require a case "'directly on point.'" *See Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Still, precedent must have placed the pertinent constitutional issue beyond debate. *Ashcroft,* 563 U.S. at 741. Indeed, the qualified immunity defense will protect all but the "plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 340 (1986).

On a motion for summary judgment seeking qualified immunity, the Court views the record in the light most favorable to the non-movant. The Supreme Court has stated that "[o]ur qualified immunity cases illustrate the importance of drawing inferences in favor of the nonmovant. . ." *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). To avoid summary judgment on qualified immunity, a plaintiff need not present absolute proof, but he must offer more than mere allegations. *See Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009). Finally, in accordance with Fifth Circuit instruction, the Court conducts a separate qualified immunity analysis with respect to each officer. *Meadours v. Ermels*, 483 F.3d 417, 423 (5th Cir. 2007) (citing *Hernandez v. Tex. Dep't of Protective and Reg. Servs.*, 380 F.3d 872, 883-84 (5th Cir. 2004); *Atteberry v. Nocona Gen.*

4

*Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005); *Tarver v. City of Edna*, 410 F.3d 745, 752-54 (5th Cir. 2005)).

Magistrate Judge Kay acknowledged in her Report and Recommendation: "Despite evolving standards and expectations regarding accessibility of facilities in the public at large, a survey of other federal court decisions reveals little consensus on whether a prison's failure to provide accessible facilities or cells amounts to deliberate indifference." [Doc. No. 153, p. 11]. She further noted, however, that "the fact-intensive nature of this inquiry," has resulted in courts giving "particular weight to the amount of time an inmate's access . . . is limited." *Id.* at p. 12. It is unclear on the record before the Court what length of time Ramirez was allegedly deprived of access to the first floor restrooms.[2]

Despite the additional briefing, the record remains unclear how long Ramirez alleges that he was denied access to a bathroom while in his wheelchair, and such facts are key to inquiry as to whether his right of access was clearly established. Further, if a fact finder were to believer Ramirez, it is an obvious risk to his safety to have a wheelchair-bound prisoner with a lower leg injury climb a flight of stairs (presumably) multiple times per day to access the bathroom for use of the toilet and/or shower.

Defendants may still be entitled to summary judgment if they can show that their actions were objectively reasonable in light of clearly established precedent. In this case, Defendant Rodriguez-Leon denies that he ever communicated with Ramirez about reassignment. However, Ramirez alleges that he "explained by detail" to Rodriguez-Leon why he could not "walk up and

---

[2]Defendants deny that he was deprived of access at all, but the Court views the evidence in the light most favorable to a non-movant.

5

down the stairs in his unit" and was told by Rodriguez-Leon that he would address the issue. [Doc. No. 1-2].

Defendant Williams declares that he has "no recollection" of a conversation with Ramirez about changing housing units, so that he had access to a bathroom. His lack of recollection is also refuted by Ramirez's evidence, via his December 4, 2013 grievance form, prior to his fall, in which he writes that he "spoke with Lieutenant Williams" about where he would be housed. Additionally, in his supporting memorandum, he alleges that he explained the issue to Williams, who assured him not to worry because "I will move you soon." [Doc. No. 1-2].

While qualified immunity affords prison officials protection from suit in many circumstances, it is cases like this one involving issues of fact, which are not properly resolved on summary judgment. Defendants may well be entitled to qualified immunity once the facts are brought forth in court, but the Court finds those factual findings and credibility determinations require further consideration.

Accordingly, Defendants' Motion for Summary Judgment, as amended by its objections, is GRANTED IN PART and DENIED IN PART. The motions is GRANTED with regard to Defendants Gatreaux and Voisine, and Ramirez's claims against these Defendants are DISMISSED WITH PREJUDICE for the reasons stated in the Report and Recommendation of Magistrate Judge Kay. The motion is also GRANTED with regard to the stretcher claims against Defendants Williams and Rodriguez-Leon, but DENIED with regard to the bathroom access claims against these Defendants. Finally, Ramirez's claims against FICO are also DISMISSED WITH PREJUDICE for

the reasons stated in the Report and Recommendation.

MONROE, LOUISIANA, this 13th day of June, 2018.

                                                              */s/ Robert G. James*
                                                            **ROBERT G. JAMES**
                                                            **UNITED STATES DISTRICT JUDGE**