# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT ALLEN RAMIREZ**  <br>     B.O.P. # 34540-177 | : | **DOCKET NO. 2:14-cv-2981**  <br>     **SECTION P** |
| **VERSUS** | : | **JUDGE DOUGHTY** |
| **LT. WILLIAMS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## ORDER

In view of the fact that Ramirez's facility access claims against defendants Williams and Rodriguez-Leon have survived summary judgment [doc. 161], this court hereby **VACATES** its ruling [doc. 139] on Ramirez's last request for an attorney. The court now finds that the matter should be set for trial and that exceptional circumstances exist justifying the appointment of counsel under 28 U.S.C. § 1915, based on the need for skill in the presentation of evidence and cross-examination of witnesses and the likelihood that appointment of counsel will benefit the plaintiff, the court, and defendants by shortening the trial and assisting in a just determination. *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985); *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992). The court therefore **GRANTS** Ramirez's Motion to Appoint Counsel [doc. 138] pursuant to 28 U.S.C. § 1915(e)(1) and appoints **D'Ann Rose Penner** and **Julia Love Taylor** to represent Ramirez at pretrial proceedings and at trial in this matter.

Notice of this order is to be provided to Ramirez, his newly appointed counsel, and the defense. Notice must also be provided to the **Medical Center for Federal Prisoners** at **Springfield, Missouri**, which is ordered to make Ramirez available for consultation with counsel, in person or by telephone at counsel's option, at a suitable location and at an agreed upon time within the facility.

Ramirez is cautioned that Ms. Penner and Ms. Taylor are private attorneys who have agreed to provide their services free of charge. Ramirez should not abuse the privilege he has been granted through appointment of counsel and should not harass his attorneys or make excessive demands on their time. Additionally, he must make himself available to counsel and assist them in providing all information that they require. Appointed counsel may move to withdraw at any time if they find that Ramirez is abusing his privilege.

A scheduling conference is hereby set by telephone before the undersigned on **Thursday, September 13, 2018,** at **11:00 am**. On that date counsel should be prepared to select a trial date. We also note that it is settled that inmates have no constitutional right to be physically present at the jury trial for their civil rights claims. *Twitty v. Ashcroft*, 712 F.Supp.2d 30, 31 (D.Conn. 2009). Instead, the decision of whether to command an inmate's presence at such proceedings is committed to the discretion of the trial court and based on several considerations, including the expense of the plaintiff's transport and safekeeping and whether the plaintiff's presence will substantially further resolution of the case. *Ballard v. Spradley*, 557 F.2d 476, 480–81 (5th Cir. 1977); *Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir. 1976). Accordingly, counsel should also be prepared to discuss the necessity of plaintiff's presence at trial, the feasibility given his current health condition (to the extent known), and options for allowing the plaintiff to observe the proceedings via video link from Missouri.

THUS DONE AND SIGNED in Chambers this 17th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE